UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALVIN BRYANT,<br>　　aka "Cal,"<br><br>　　　　Defendant. | 2:24-CR-063-RFB-EJY<br><br>**Preliminary Order of Forfeiture** |

This Court finds Calvin Bryant, aka "Cal," pled guilty to Count One and Seven of a Seven-Count Criminal Indictment charging him in Count One with conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846 and 841(a)(1) and in Count Seven with conspiracy to money launder in violation of 18 U.S.C. § 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 1956(h). Criminal Indictment, ECF No. 1; Change of Plea, ECF No. __; Plea Agreement, ECF No. __.

This Court finds Calvin Bryant, aka "Cal," agreed the court can forfeit specific property and impose an in personam criminal forfeiture money judgment on assets not currently identified as specific property subject to forfeiture or cannot currently calculate the total amount of the in personam criminal forfeiture money judgment under Fed. R. Crim. P. 32.2(b)(2)(C). Criminal Indictment, ECF No. 1; Change of Plea, ECF No. __; Plea Agreement, ECF No. __.

The property yet to be identified and the in personam criminal forfeiture money judgment amount yet to be calculated are (1) any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 21 U.S.C. § 841(a)(1), a

specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A), 1961(1)(A), and 1961(1)(D), or 21 U.S.C. § 846, conspiracy to commit such offense; (2) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of violations of 21 U.S.C. §§ 841(a)(1) and 846; (3) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of violations of 21 U.S.C. §§ 841(a)(1) and 846; (4) all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841(a)(1) and 846, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of 21 U.S.C. §§ 841(a)(1) and 846; (5) any property, real or personal, involved in transactions or attempted transactions in violation of 18 U.S.C. § 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 1956(h), or any property traceable to such property; (6) any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i), specified unlawful activities as defined in 18 U.S.C. § 1956(c)(7)(A) and 1961(1)(B), or 18 U.S.C. § 1956(h), conspiracy to commit such offenses; and (7) any property, real or personal, involved in a violation of 18 U.S.C. § 1956(a)(1)(A)(i) or 1956(a)(1)(B)(i) and 18 U.S.C. § 1956(h), or any property traceable to such property and is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(1); 21 U.S.C. § 853(a)(2); 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(1); and 21 U.S.C. § 853(p):

1. an in personam criminal forfeiture money judgment including, but not limited to, at least an amount to be calculated under 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(1); 21 U.S.C. § 853(a)(1) and 853(a)(2); 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c); and Fed. R. Crim. P. 32.2(b)(2)(C); and

2. any and all property with the requisite nexus to the violations of 21 U.S.C. § 841(a)(1) and 846; and 18 U.S.C. § 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and

2

1956(h) and the forfeiture allegations under 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(1); 21 U.S.C. § 853(a)(1) and 853(a)(2); 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c); and Fed. R. Crim. P. 32.2(b)(2)(C) (all of which constitutes property).

This Court finds that on the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property under Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

This Court finds the United States of America is entitled to, and will reduce the specific property, when it is identified, to the possession of the United States of America.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America will seize the specific property when it is identified.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the United States of America recover from Calvin Bryant, aka "Cal," an in personam criminal forfeiture money judgment including, but not limited to, at least an amount to be calculated under 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(1); 21 U.S.C. § 853(a)(1) and 853(a)(2); 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c); and Fed. R. Crim. P. 32.2(b)(2)(C).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all possessory rights, ownership rights, and all rights, titles, and interests of Calvin Bryant, aka "Cal," in the specific property to be identified are forfeited and are vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

/ / /

/ / /

/ / /

/ / /

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record.

DATED  November 13, 2025



RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

4